UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY EMERY DE LA CRUZ<br><br>Petitioner,<br><br>v.<br><br>C. CALLAHAN,<br><br>Respondent. | NO. CV 15-17-GHK (AGR)<br><br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On January 2, 2015, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction in Los Angeles County Superior Court in 1984. (Petition at 2.)

## I.

## **PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District, *De La Cruz v. Duncan*, Case No. CV 94-5972-KN (VAP) ("*De La Cruz I*")

According to Petitioner, on January 25, 1985, after being convicted of second degree murder, Petitioner was sentenced to 19 years in prison. (Petition at 2.).

In *De La Cruz I*, Petitioner challenged the same conviction.[1] A Report issued on the merits on November 1, 1995, recommending that the petition be denied and the action dismissed with prejudice. *Id.*, Dkt. No. 17 at 7. On December 5, 1995, the district court adopted the Report and entered judgment dismissing the petition with prejudice. *Id.*, Dkt. Nos. 19-20. On March 1, 1996, the Ninth Circuit denied the request for a certificate of probable cause. *Id.*, Dkt. No. 28.

## II.
## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence

---

[1] According to the Report and Recommendation, in *De La Cruz I*, Petitioner was convicted of three counts of second degree murder and three counts of assault with a deadly weapon. The trial court sentenced Petitioner to 16 years to life in state prison. *Id.*, Dkt. No. 17 at 1.

of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in *De La Cruz I*.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.
## ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: 2/6/15

GEORGE H. KING
United States District Judge